IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT E. HOHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 6:11-3326-DGK-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Robert Hohman seeks judicial review of the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401, *et. seq.* Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

Hohman contends he is disabled because of osteoarthritis in his left acromioclavicular joint[1] and other problems with his left shoulder following surgery to repair his left rotator cuff and superior labrum. The Administrative Law Judge ("ALJ") denied Plaintiff's application, finding that while Plaintiff suffered from severe impairments, he retained the residual functional capacity ("RFC") to work as a call-out operator, information clerk, and counter clerk. After carefully reviewing the administrative record, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole, and the Commissioner's decision is AFFIRMED.

### Factual and Procedural Background

A summary of the medical record is presented in the parties' briefs and is repeated only to the extent necessary.

---

[1] The acromioclavicular joint is a joint at the top of the shoulder. *See* PDR Medical Dictionary 19 (1st ed. 1995).

Plaintiff filed his application for disability insurance benefits on May 8, 2008 alleging an onset date of February 12, 2007. Following a hearing, the ALJ denied Plaintiff's application on June 21, 2010. Plaintiff appealed, and on July 12, 2011, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision as the Commissioner's final decision.

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact. *Id.*

## Analysis

Generally, a federal court's review of the Commissioner's decision to deny an application for benefits is restricted to determining whether the Commissioner's decision is consistent with the Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole. In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[2]

---

[2] The five-step process is as follows: First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity. If so, he is not disabled; if not, the inquiry continues. At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination

2
Case 6:11-cv-03326-DGK   Document 24   Filed 03/05/13   Page 2 of 8

Hohman contends the ALJ erred by: (1) failing to consider the combined effects of his impairments; (2) failing to give appropriate weight to his subjective complaints; (3) failing to give great weight to the reports of his treating physicians; (4) failing to consider his non-exertional impairments; and (5) finding that he could work as a call-out operator, information clerk, or counter clerk. These arguments are without merit.

**A.    The ALJ properly considered Plaintiff's combination of impairments.**

Plaintiff argues the ALJ erred in not considering the combined effects of his impairments, specifically, not discussing the degree of severity of his midline focal disc protrusion. As a threshold matter, the ALJ need only briefly discuss a claimant's impairments in combination. *See Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011). There is no error where, as here, the ALJ fully summarized the medical records, discussed each of the claimant's alleged impairments, and found that the claimant did not have an impairment or combination of impairments that met or equaled any of the listed impairments. *Id.*; *see also Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005).

In the present case, the ALJ noted that the Plaintiff had a small midline focal disc protrusion at T7-T8 but discounted its severity because Plaintiff had not sought treatment for it since the alleged onset date. R. at 51. The ALJ also found that Plaintiff did not have an impairment or combination of impairments listed in, or medically equivalent to, one listed in 20 C.F.R. Part 404, Appendix 1,

---

of impairments. If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled. At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520. If so, the applicant is considered disabled; if not, the inquiry continues. At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work. If so, the applicant is not disabled; if not, the inquiry continues. At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work. 20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). Through step four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

Subpart P. R. at 49. Consequently, the Court holds the ALJ properly considered Plaintiff's impairments in combination.

**B.     The ALJ's credibility analysis is supported by substantial evidence on the record.**

Plaintiff also claims the ALJ erred by not giving greater weight to his subjective complaints because the record does not contradict them.

As a threshold matter, credibility questions concerning a plaintiff's subjective testimony are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). In analyzing a claimant's subjective complaints of pain, the ALJ considers the entire record, including medical records; statements from the plaintiff and third parties; the claimant's daily activities; the duration, frequency and intensity of pain; the dosage, effectiveness, and side effects of medication; precipitating and aggravating factors; and functional restrictions. 20 C.F.R. § 404.1529; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). When the ALJ articulates the inconsistencies that undermine the claimant's subjective complaints and those inconsistencies are supported by the record, the ALJ's credibility determination should be affirmed. *Eichelberger v. Barnhart*, 390 F.3d 584, 590 (8th Cir. 2004).

The ALJ found Plaintiff's subjective complaints were not credible to the extent they were inconsistent with the ALJ's RFC determination, R. at 50-52, and so the question here is whether the pain prevents him from performing substantial gainful activity, not whether he experiences back and shoulder pain. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). The ALJ considered the entire record in making this determination and specifically discussed Plaintiff's activities of daily living, lack of medical treatment for his back, and the medical opinion evidence. R. at 50-52. While Plaintiff's activities of daily living are not dispositive, "they are a factor to consider." *Wilson v. Chater*, 76 F.3d 238, 241 (8th Cir 1996). Inconsistencies in the record, including a claimant's activities, reflect negatively on a claimant's credibility. *Johnson v. Apfel*, 240 F.3d

4

1145, 1148 (8th Cir. 2001). Plaintiff's daily activities are not what one would expect of a disabled individual. Plaintiff reported he shops independently, carries groceries, uses the computer, reads, prepares simple meals, goes to church social events, and drives. R. at 22, 50, 163, 165-67. He also works 8-10 hours a week as a minister for his local church. R. at 26, 28-29, 49. Such activities are inconsistent with complaints of disabling pain. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1038-39 (8th Cir. 2001).

Additionally, as noted above, the ALJ also observed that although Plaintiff claimed he was disabled by his back condition, he had not sought treatment for this problem. An ALJ may discount a claimant's subjective complaints of pain if the claimant has failed to pursue regular medical treatment for it. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

Finally, the ALJ noted that the medical opinion evidence did not support Plaintiff's complaints. R. at 51-52. Plaintiff contends he must rest after 15-20 minutes of walking and can only concentrate for 45 minutes due to his pain, R. at 168, but his doctors did not find him so limited. R. at 51, 205, 263, 386, 456. An ALJ may question allegations of disabling pain when the medical evidence does not support the allegations. *Riggins v. Apfel*, 177 F.3d 689, 692-93 (8th Cir. 1999).

Because the ALJ articulated the inconsistencies and these inconsistencies are supported by the record, his credibility determination is affirmed. *Eichelberger*, 390 F.3d at 590.

**C.     The ALJ did not err in weighing the opinion of Plaintiff's treating physicians.**

Plaintiff also contends the ALJ committed reversible error by failing to give great weight to the opinions of Plaintiff's treating physicians Dr. David Rogers, M.D., Dr. Richard Johnson, M.D., and Dr. James P. Emanual, M.D.

5

With respect to Dr. Rodgers[3] and Dr. Johnson, Plaintiff asserts that the ALJ erred by failing to state what weight he gave their opinions. Dr. Rodgers found that Plaintiff could not use his left arm but could still perform light work; the ALJ agreed with his conclusion that Plaintiff should be restricted to light work. R. at 49-50. The ALJ also agreed with Dr. Johnston's opinion that the Plaintiff could not return to his past relevant work. R. at 52. The ALJ's findings do not conflict with the substance of either doctor's opinion. Thus, while the ALJ did fail to explicitly state the weight he gave their opinions, this is a deficiency in opinion-writing which had no bearing on the outcome, so the decision need not be remanded or set aside. *Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008).

Finally, with respect to Dr. Emmanuel's opinion, the Court notes the ALJ adopted his February 2009 restrictions for Plaintiff in his RFC finding, so the ALJ did, in fact, give great weight to his opinion. R. at 49-50, 263. In May and October of 2009, Dr. Emmanuel changed Plaintiff's work restrictions to no lifting of greater than 5 pounds from waist to shoulder and no overhead lifting. Plaintiff complains the ALJ did not state how much weight he gave to these subsequent opinions. However, this is not the case. The ALJ noted Dr. Emmanuel's assessments from May and October of 2009 but ruled they were not supported by evidence showing any deterioration in Plaintiff's physical condition. R. at 52. An ALJ may discredit a treating physician's opinion that is not supported by his own findings and diagnostic data and medical evidence on the record as a whole. *Haggard v. Apfel*, 175 F.3d 591, 595 (8th Cir. 1999). Consequently, there is no error here.

---

[3] Plaintiff's argument with respect to Dr. Rodgers is unclear. Although his name is mentioned in the first sentence of this portion of Plaintiff's brief, Plaintiff makes no further mention of him. The Court discusses his opinion here to address all of Plaintiff's concerns.

### D. The ALJ did not err in considering Plaintiff's non-exertional impairments.

Plaintiff also contends the ALJ erred in failing to consider the effects of his non-exertional impairments of pain in his upper extremities and back on his ability to perform the full range of light work. Plaintiff contends that even if this pain was a non-severe impairment, his RFC should have included a limitation on his ability to stand or sit for long periods of time, which in turn would have eroded his ability to perform light or sedentary work.

There is no merit to this argument. The ALJ did not find, nor does the medical evidence support a finding, that Plaintiff is incapable of performing the sitting and standing requirements of light work. R. at 49-53. As discussed above, the ALJ properly discounted Plaintiff's claim that his back pain was disabling to the degree it exceeded his RFC. The ALJ's finding concerning Plaintiff's non-exertional impairments is also supported by Dr. Rodgers and Dr. Emmanuel's opinions that Plaintiff was capable of performing light work. R. at 263, 386.

### E. The ALJ did not err in finding Plaintiff could perform other work.

Finally, Plaintiff argues the Commissioner did not carry his burden of showing at step five of the process that there are other jobs in the economy that he can perform. The VE testified that an individual with Plaintiff's limitations could perform the jobs of information clerk, call-out operator, and counter clerk, and that these jobs existed in significant numbers in the national economy. R. at 38. Plaintiff contends that while it might be conceivable that he could perform these jobs, it is not reasonably probable, therefore the ALJ committed reversible error. Plaintiff suggests that all three jobs require the use of both upper extremities for steadiness, fast, simple, repeated movements of fingers, hands and wrist, and the ability to bend, stretch, twist or reach out with the body, arms, and/or legs, and that he cannot do these things. Pl.'s Br. at 28-29.

The record supports the ALJ's finding that of these abilities are within Plaintiff's abilities as described by his RFC. R. at 49-53. The Revised Dictionary of Occupational Titles indicates that the

jobs of counter clerk and call-out operator require these abilities only occasionally, and that the job of appointment clerk requires reaching and handling frequently.  The Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles 333, 336, 341 (Department of Labor 1993).  Even if Plaintiff could not work as an appointment clerk, he could still work as a counter clerk or call-out operator, and the ALJ's finding is sufficient so long as the Plaintiff could perform one job identified by the vocational expert ("VE").  *Weiler v. Apfel*, 179 F.3d 1107, 1110-11 (8th Cir. 1999).  Since the ALJ's hypothetical question is supported by the evidence, the VE's answer about what jobs Plaintiff could perform constitutes substantial evidence supporting the denial of benefits.  *Roberts v. Apfel*, 222 F.3d 466, 471 (8th Cir. 2000).

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  March 5, 2013                           /s/ Greg Kays
                                               GREG KAYS, JUDGE
                                               UNITED STATES DISTRICT COURT